

IN THE COURT OF COMMON PLEAS
LICKING COUNTY, OHIO

| | |
|---|---|
| SHANICE J. PARKER<br>4022 1st Street SE<br>Washington, DC 20032 | CASE NO. **16CV01067**<br><br>JUDGE _____ |
| Plaintiff, | COMPLAINT<br>FOR PERSONAL INJURY |
| vs. | JURY DEMAND ENDORSED<br>HEREON |
| ERIC M. MILLER<br>113 West McCook Street, Lot 5<br>Montrose, SD 57048 | |
| and | |
| DAKOTALAND TRANSPORTATION, INC.<br>P.O. Box 84038<br>Sioux Falls, SD 57118 | |
| Defendants. | |

## PARTIES

1. Plaintiff, Shanice J. Parker, (hereinafter referred to as "Plaintiff") was at the time of the collision, a resident of Muskingum County, Ohio. Due to the severity of her injuries, Plaintiff has returned to Washington D.C., to live with her family.

2. Defendant, Eric M. Miller, (hereinafter referred to as "Defendant Miller"), is a resident of Montrose, South Dakota.

3. Defendant Dakotaland Transportation, Inc. (hereinafter referred to as "Defendant Dakotaland") is a commercial trucking business existing pursuant to the laws of the State of South Dakota and is subject to the Federal Motor Carrier Safety Regulations as an interstate trucking company.

1



4. Defendant Miller was the agent, servant or employee of Defendant Dakotaland and was acting within the normal course and scope of the duties of his employment as a professional truck driver at the time of the collision and/or omissions alleged herein.

5. Defendant Dakotaland is the owner or lessee of the 2013 Kenworth tractor and box-trailer driven by Defendant Miller at the time of the collision and/or omissions alleged herein.

### FIRST CLAIM

6. On or about Tuesday, April 12, 2016, at approximately 8:10 a.m., Plaintiff was driving home from Mount Carmel West, where she works, when she was involved in an incident (hereinafter referred to as the "Initial Incident") wherein her 2003 Ford Focus struck the concrete divider while traveling eastbound on I-70 in Licking County, Ohio near mile marker 136. The interstate at mile marker 136 is three (3) lanes wide.

7. As a result of the Initial Incident, Plaintiff's 2003 Ford Focus had become disabled in the right-most lane of eastbound travel on I-70 due to a broken tie rod.

8. Shortly thereafter, at approximately 8:15 a.m. on April 12, 2016, an Ohio State Highway Patrol car operated by Officer Rodney Hart arrived on the scene of the Initial Incident and parked his patrol car behind Plaintiff's disabled Ford Focus.

9. After parking his patrol car behind Plaintiff's automobile, Officer Hart activated his emergency lights and positioned and lit road flares in the roadway behind his patrol car to warn oncoming traffic that the patrol car was in the right most lane of travel in the eastbound lane of I-70.

10. Officer Hart instructed Plaintiff to be seated in the front passenger seat of his patrol car while he conducted his investigation of the Initial Incident.

11. At approximately 8:38 a.m. on April 12, 2016, Plaintiff was seated in the front passenger seat of Officer Hart's patrol car that was parked in the right-most lane of eastbound travel on I-70.

12. At that same time and place, on that same highway, Defendant Miller, in the ordinary scope and course of his employment with Defendant Dakotaland, was operating a 2013 Kenworth tractor and trailer eastbound in the right-most lane of I-70.

13. Then and there, Defendant Miller failed to observe the flares and the emergency lights of the patrol car. As a result, Defendant Miller negligently, recklessly and/or maliciously failed to bring his tractor trailer to a stop within an assured clear distance ahead or change lanes of travel to avoid hitting the patrol car.

14. As a result, Defendant Miller negligently, recklessly and/or maliciously drove directly into the rear of the patrol car where Plaintiff was seated.

15. Defendant Miller negligently, recklessly, wantonly and/or maliciously violated several requirements of the Ohio Revised Code, including but not limited to, the following:

   A. Failure to maintain an assured clear distance ahead. O.R.C. § 4511.21(A).

   B. Failure to proceed with due caution and change lanes when approaching stationary public safety vehicle displaying emergency lights. O.R.C. § 4511.213.

16. As a direct and proximate result of the negligence, recklessness and/or malice of Defendant Miller, Plaintiff sustained injuries, including but not limited to her head and brain, necessitating medical treatment. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment, hospital confinement and speech and occupational rehabilitation, subjecting her to great emotional stress and strain, pain, humiliation and embarrassment. Her ability to maintain and enjoy a normal life has been permanently impaired. Plaintiff's injuries are permanent and she has incurred and will continue to incur pain, suffering and mental anguish into the future.

17. As a result of sustaining these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently undetermined, and will continue to incur additional medical specials into the future.

18. As a result of sustaining these injuries, Plaintiff has suffered a loss of wages and suffered a loss of future earning capacity.

## SECOND CLAIM

19. Plaintiff hereby incorporates by reference, all the allegations set forth above in Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant Dakotaland negligently, recklessly and/or maliciously entrusted the 2013 Kenworth tractor trailer to Defendant Miller and failed to ensure he operated the truck safely and in compliance with all applicable traffic laws.

21. As a direct and proximate result of Defendant Dakotaland's negligent, reckless and/or malicious entrustment of the 2013 Kenworth tractor trailer to Defendant Miller, Plaintiff sustained injuries to her head and brain, necessitating medical treatment. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment and hospital confinement, subjecting her to great emotional stress and strain, pain, humiliation and embarrassment. Her ability to maintain and enjoy a normal life has

been permanently impaired. Plaintiff's injuries are permanent and she has incurred and will continue to incur pain, suffering and mental anguish into the future.

22. As a result of sustaining these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently undetermined, and will continue to incur additional medical specials into the future.

23. As a result of sustaining these injuries, Plaintiff has suffered a loss of wages and suffered a loss of future earning capacity.

## THIRD CLAIM

24. Plaintiff hereby incorporates by reference, all the allegations set forth above in Paragraphs 1 through 23 as if fully set forth herein.

25. Pursuant to the doctrine of *respondeat superior*, Defendant Dakotaland is responsible for the negligence, recklessness and/or maliciousness of Defendant Miller who, at all times relevant hereto, was acting in the course and scope of his employment with Defendant Dakotaland, and/or was acting as an agent on behalf of Defendant Dakotaland as his principal.

26. As a direct and proximate result of Defendant Miller's negligence, recklessness and/or maliciousness Plaintiff sustained injuries to her head and brain, necessitating medical treatment. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment and hospital confinement, subjecting her to great emotional stress and strain, pain, humiliation and embarrassment. Her ability to maintain and enjoy a normal life has been permanently impaired. Plaintiff's injuries are permanent and she has incurred and will continue to incur pain, suffering and mental anguish into the future.

27. As a result of sustaining these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently undetermined, and will continue to incur additional medical specials into the future.

28. As a result of sustaining these injuries, Plaintiff has suffered a loss of wages and suffered a loss of future earning capacity.

## FOURTH CLAIM

29. Plaintiff hereby incorporates by reference, all the allegations set forth above in Paragraphs 1 through 28 as if fully set forth herein.

30. At all times relevant hereto, Defendant Dakotaland owed a duty to Plaintiff, and the other members of the motoring public, to exercise reasonable care in hiring and retaining its drivers, providing training and instruction to the drivers of its tractor trailers, to properly supervise the drivers of its tractor trailers, to establish safe

procedures for the operation of its tractor trailers, and to inspect maintain and repair its tractor trailers.

31. Defendant Dakotaland's duties apply to the hiring, retaining, training, instructing, supervising, establishing safe procedures for its driver, Defendant Miller.

32. Defendant Dakotaland's duties apply to the inspecting, maintaining and repairing of the tractor trailer driven by Defendant Miller on April 12, 2016.

33. Defendant Dakotaland breached its duty to exercise reasonable care in hiring Defendant Miller, retaining Defendant Miller, supervising Defendant Miller, training Defendant Miller, and establishing and instructing Defendant Miller on safe procedures for the operation of its tractor trailers.

34. As a direct and proximate result of Defendant Dakotaland's negligence, recklessness and/or maliciousness, Plaintiff sustained injuries to her head and brain, necessitating medical treatment. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment and hospital confinement, subjecting her to great emotional stress and strain, pain, humiliation and embarrassment. Her ability to maintain and enjoy a normal life has been permanently impaired. Plaintiff's injuries are permanent and she has incurred and will continue to incur pain, suffering and mental anguish into the future.

35. As a result of sustaining these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently undetermined, and will continue to incur additional medical specials into the future.

36. As a result of sustaining these injuries, Plaintiff has suffered a loss of wages and suffered a loss of future earning capacity.

## FIFTH CLAIM

37. Plaintiff hereby incorporates by reference, all the allegations set forth above in Paragraphs 1 through 36 as if fully set forth herein.

38. Defendant Miller's acts and/or omissions in operating the 2013 Kenworth tractor trailer on April 12, 2016, demonstrated actual malice and a conscious disregard for the rights and safety of other persons, including the rights and safety of Plaintiff, that has a great probability of causing substantial harm and did directly and proximately cause substantial permanent injury to Plaintiff.

39. Defendant Dakotaland authorized, ratified, acquiesced, and/or participated in Defendant Miller's acts and/or omissions, and/or failed to exercise due and reasonable care in selecting, hiring, retaining, supervising, training, establishing and instructing Defendant Miller on safe procedures in the operation of its tractor trailers.

40. As a direct and proximate result of Defendant Miller's malicious actions and/or omissions, and Defendant Dakotaland's authorization, ratification, acquiescence, and/or participation, and/or failure to exercise due and reasonable care in selecting, hiring, retaining, supervising, training, establishing and instruction Defendant Miller on safe procedures in the operation of its tractor trailers, Plaintiff sustained injuries to her head and brain, necessitating medical treatment. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment and hospital confinement, subjecting her to great emotional stress and strain, pain, humiliation and embarrassment. Her ability to maintain and enjoy a normal life has been permanently impaired. Plaintiff's injuries are permanent and she has incurred and will continue to incur pain, suffering and mental anguish into the future.

41. As a result of sustaining these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently undetermined, and will continue to incur additional medical specials into the future.

42. As a result of sustaining these injuries, Plaintiff has suffered a loss of wages and suffered a loss of future earning capacity.

WHEREFORE, Plaintiff demands from the Court the following:

1. As to the First Claim, Plaintiff demands judgment against Defendant Miller for damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00);
2. As to the Second Claim, Plaintiff demands judgment against Defendant Dakotaland for damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00); an
3. As to the Third Claim, Plaintiff demands judgment against Defendant Dakotaland for damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00);
4. As to the Fourth Claim, Plaintiff demands judgment against Defendant Dakotaland for damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00);
5. As to the Fifth Claim, Plaintiff demands judgment against Defendant Dakotaland for punitive damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00); and
6. Any and all such other relief as this Court deems just and equitable.

Respectfully submitted,

GRAHAM & GRAHAM CO., L.P.A.

Stephen R. McCann (0012370)

Robert G. McClelland (0082365)
Travis M. Jones (0091059)
Attorney for Plaintiffs
Graham Law Building
17 N. 4th Street
P.O. Box 340
Zanesville, OH 43702-0340
Telephone: (740) 454-8585
Facsimile: (740) 454-0111
srm@grahamlpa.com
rgm@grahamlpa.com
tmjones@grahamlpa.com

## JURY DEMAND

The Plaintiff respectfully requests that all issues herein be tried to a jury.

Stephen R. McCann (0012370)
Attorney for Plaintiff

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please issue Summons, and a copy of the Complaint at the addresses set forth in the caption hereof, by certified mail, return receipt requested.

Stephen R. McCann (0012370)
Attorney for Plaintiff

7