# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SHANICE J. PARKER,**

    **Plaintiff,**

    v.                                      Case No.: 2:16-cv-1143
                                                        JUDGE SMITH
                                                        Magistrate Judge Deavers

**ERIC M. MILLER,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claims and Motion to Strike (Doc. 10). Plaintiff opposed Defendants' Motion (Doc. 14) and Defendants replied in support (Doc. 16). This matter is now ripe for review. For the following reasons, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

This lawsuit arises out of a car crash on Interstate 70 in Licking County, Ohio, when the tractor trailer driven by Defendant Eric Miller struck a vehicle in which Plaintiff Shanice Parker was sitting. Prior to Miller striking Plaintiff, Plaintiff had crashed her car into a wall and her car was disabled in the right lane on I-70. (Doc. 8, Am. Compl. at ¶¶ 14–15). A highway patrolman arrived on the scene and parked behind Plaintiff in the right lane of traffic. (*Id.* at ¶ 16). The patrolman turned on his emergency lights and set flares in the roadway. (*Id.* at ¶ 17). While investigating the initial crash, the patrolman asked Plaintiff to sit in the front seat of his patrol car. (*Id.* at ¶ 18).

As Plaintiff was sitting in the patrol car, Miller crested a nearby hill in a tractor-trailer going 70 miles per hour. (*Id.* at ¶¶ 20, 25). Miller was driving the tractor-trailer while working on behalf of Defendant Dakotaland Transportation, Inc. ("Dakotaland") and/or Defendant Fowlds Brothers Trucking ("Fowlds"). (*Id.* at ¶ 6). Dakotaland and/or Fowlds owned the truck Miller was driving. (*Id.* at ¶¶ 7–8). Plaintiff alleges that as Miller crested the hill, he had sufficient time to see the patrol car blocking the right hand lane to stop or to change lanes. (*Id.* at ¶ 23). Miller applied the brakes two seconds before impact, but did not stop or change lanes and crashed into the back of the patrol car, causing severe injuries to Plaintiff. (*Id.* at ¶¶ 26, 28).

Plaintiff brought this case against Miller, Fowlds, and Dakotaland alleging: (1) Miller negligently operated his vehicle; (2) Miller violated numerous federal and state traffic regulations; (3) that Dakotaland and Fowlds are vicariously liable for Miller's actions; (4) that Dakotaland and Fowlds are strictly liable for Miller's acts; (5) that Dakotaland and Fowlds negligently hired, trained, instructed, and supervised Miller; (6) that Dakotaland and Fowlds violated certain Ohio and federal regulations; and (7) that Dakotaland and Fowlds negligently entrusted the vehicle to Miller. Plaintiff also seeks punitive damages from all three defendants. Defendants now move to dismiss the punitive damages claims against each Defendant and to strike the police report attached to the Amended Complaint.

## II.  STANDARD OF REVIEW

Defendants bring this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff failed to state a claim upon which relief can be granted. Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its

face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Currently before the Court are two motions, Defendants' Motion to Dismiss the punitive damages claims and Defendants' Motion to Strike. The Court will address each in turn.

**A. Motions to Dismiss Punitive Damages Claims**

Pursuant to the Ohio Revised Code punitive damages may be awarded after a plaintiff establishes that "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or

ratified actions or omissions of an agent or servant that so demonstrate." Ohio Rev. Code § 2315.21(C)(1). Both Plaintiff and Defendants identified the correct standard courts have set forth as defining actual malice:

> Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

*Preston v. Murty*, 32 Ohio St. 3d 334, 334, 512 N.E.2d 1174, 1174 (1987). "[A]ctual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross." *Villella v. Waikem Motors, Inc.*, 45 Ohio St. 3d 36, 37, 543 N.E.2d 464, 467 (1989) holding modified by *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d 638, 635 N.E.2d 331 (1994). But the actions of a defendant must rise above mere negligence or recklessness to be considered actual malice. "The focus is on the actor's conscious disregard of **an almost certain risk of substantial harm**. This distinguishes 'malicious' from 'non-malicious' conduct." *Kuebler v. Gemini Transp.*, No. 3:12-CV-114, 2013 WL 6410608, at *5 (S.D. Ohio Dec. 9, 2013) (Rose, J.) (emphasis added). "The type of aggravated circumstances sufficient to support an award of punitive damages in a motor vehicle accident case may include intoxication and deliberate actions to flee the scene or evade responsibility." *MacNeill v. Wyatt*, 917 F. Supp. 2d 726, 730 (S.D. Ohio 2013) (Litkovitz, M.J.) (citing *Cabe v. Lunich*, 70 Ohio St. 3d 598, 640 N.E.2d 159, 163 (1994)).

### 1. Punitive Damages against Miller

Plaintiff alleges that Miller's actions fall into the second category, *i.e.* that he consciously disregarded Plaintiff's safety when he did not stop despite having ample time and visibility. Miller argues that Plaintiff's allegations amount to a simple negligence claim because there are no facts which support an inference of malice. Plaintiff alleges that the patrol car was easily

4

visible, that Miller knew or should have known the risk and extent of the damage that would be caused when a tractor-trailer strikes a parked car, and that Miller disregarded this risk when he increased his speed and otherwise failed to avoid the crash. These facts could allow a factfinder to infer that Miller knew of the near-certain probability of injury if he did not change lanes or brake in time to stop. The facts allege that despite this knowledge, he neither changed lanes nor stopped his vehicle. At this early stage in the proceedings, the Court agrees with Plaintiff that there are sufficient facts alleged to possibly subject Miller to a claim for punitive damages. Miller's Motion to Dismiss Plaintiff's punitive damages claim is **DENIED**.

2.  **Punitive Damages against the Dakotaland and Fowlds**

As noted above, for punitive damages to be assessed against an employer, the employer must have "knowingly authorized, participated in, or ratified actions or omissions" that constitute malice. Ohio Rev. Code § 2315.21(C)(1). The Amended Complaint alleges the following actions of Fowlds and/or Dakotaland:

> 36. Upon information and belief, due to Defendant Dakotaland and/or Defendant Fowlds Brothers failure to provide Defendant Miller adequate and necessary instruction, training, and/or supervision, he caused the harms and injuries to Plaintiff.
>
> 37. Upon information and belief, due to Defendant Dakotaland and/or Defendant Fowlds Brothers failure to reasonably hire and/or retain Defendant Miller, he caused harms and injuries to Plaintiff.
>
> 38. Upon information and belief, due to Defendant Dakotaland and/or Defendant Fowlds Brothers failure to develop, promulgate, and/or enforce policies, procedures, and rules to ensure Defendant Miller was operating its commercial motor vehicle in a safe and reasonable manner, he caused the harms and injuries to Plaintiff
>
> 39. Upon information and belief, Defendant Dakotaland and/or Defendant Fowlds Brothers violated numerous Federal Motor Carrier Safety Regulations.
>
> 40. Upon information and belief, Defendant Dakotaland and/or Defendant Fowlds Brothers negligently entrusted the other by providing an incompetent driver to operate the 2013 Kenworth tractor trailer.

> 41. Defendant Dakotaland and/or Defendant Fowlds Brothers numerous failures demonstrate a conscious disregard for the rights and safety of Plaintiff and the motoring public. Furthermore, Defendant Dakotaland and/or Defendant Fowlds Brothers conduct was with reckless indifference to the consequences to others and its conduct could cause substantial harm.

(Doc. 8, Am. Compl. at ¶¶ 36–41). These allegations do not provide facts from which a factfinder could infer malice. The statute is clear that the principal must knowingly authorize or participate in the malicious actions of the principal. Even if all of the allegations are true, there is no allegation that either Fowlds and/or Dakotaland **knew** that Miller would crash into the patrol car with malice. While the allegations in the Amended Complaint may allege that Fowlds and/or Dakotaland violated a duty to reasonably train, hire, or supervise Miller, the allegations only rise to allegations of ordinary recklessness—insufficient to allege malice. In fact, Plaintiff alleges that Miller is a professional truck driver who holds a valid commercial driver's license from South Dakota (Doc. 8, Am. Compl. at ¶¶ 32–33). Thus, even assuming that Plaintiff's allegations are true, Dakotaland and/or Fowlds alleged failures to train and or promulgate certain policies could not have provided "an almost certain risk of substantial harm" as a claim of malice requires. *Kuebler*, 2013 WL 6410608 at *5. The factual allegations currently in Plaintiff's Amended Complaint fall short of this high standard. Dakotaland and Fowlds' Motion to Dismiss Plaintiff's claim for punitive damages against them is **GRANTED**.

**B.    Motion to Strike**

Defendants next move the Court to strike the police report from Plaintiff's Amended Complaint. Defendants argue that the police report is ultimately inadmissible, that it is tediously long, and that it violates Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires a short and plain statement of a claim. Last, the Defendants argue that the police report is prejudicial "because the police report contains details relevant only to the criminal process that cannot be rebutted by an Answer." (Doc. 10, Defs.' Mot. at 8). Plaintiff argues that there is no

undue prejudice to the Defendants and that the police report is clearly relevant to the claims made in the Amended Complaint.

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter." "While motions to strike are generally disfavored, and should be used sparingly, such motions are within the sound discretion of the district court." *Ohio Democratic Party v. Blackwell*, Case No. 2:04-CV-1055, 2005 U.S. Dist. LEXIS 18126, at *11 (Aug. 26, 2005) (Marbley, J) (internal quotations omitted). A Rule 12(f) motion to strike is appropriate where it will "eliminate spurious issues before trial and streamline the litigation." *Id.* (citing *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)).

The Court finds that striking the police report would neither streamline the proceedings nor eliminate spurious issues before trial. Defendants need not rebut the police report because the report only serves as support for the allegations in the Complaint. It does not form the basis of allegations on its own. Further, the police report is undoubtedly relevant to the accident alleged in the Amended Complaint. Last, Defendants arguments regarding the admissibility of the report are premature. When dealing with motions prior to trial, the Court is capable of avoiding the "inference that the events described in the Amended Complaint occurred exactly as the police report described." (Doc. 16, Reply at 4). Defendants' Motion to Strike is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Claim for a punitive damages is **DENIED** as to the claims against Miller and **GRANTED** as to the claims of Defendants Fowlds and Dakotaland. Defendants' Motion to Strike is **DENIED**. The Clerk shall remove Document 10 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                         */s/ George C. Smith*
                                       **GEORGE C. SMITH, JUDGE**
                                       **UNITED STATES DISTRICT COURT**