UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANICE J. PARKER,

        Plaintiff,

  v.                                      Case No: 2:16-cv-1143
                                           JUDGE GEORGE C. SMITH
                                           Magistrate Judge Deavers

ERIC M. MILLER, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court upon the Motion of Defendants Fowlds Brothers Trucking, Inc. for Reconsideration, or in the alternative, Motion for Leave to Fully Brief the Issue of Alter Ego ("Fowlds' Motion for Reconsideration") (Doc. 39). Plaintiff Shanice Parker filed in a response a Motion for an Order Staying Plaintiff's Time to File a Response to Defendant's Motion ("Parker's Motion to Stay") (Doc. 41). Because the time for Fowlds to respond to Parker's Motion to Stay has now elapsed without a request for extension, and because Parker's Motion to Stay also effectively comprises a brief in opposition to Fowlds' Motion for Reconsideration, the Court deems both motions ripe for disposition. For the following reasons, Fowlds' Motion for Reconsideration is **DENIED** and Parker's Motion to Stay is **DENIED AS MOOT**.

                                        I.      BACKGROUND

Plaintiff Shanice Parker was injured in an accident on April 12, 2016, when the stationary car in which she was seated was struck by a tractor trailer driven by Defendant Eric Miller. (Doc. 8, Am. Compl. ¶¶ 19–28). At the time of the accident, Miller was a truck driver employed

by Defendant Dakotaland Transportation, Inc. ("Dakotaland") and was driving the truck as part of his job duties. (*Id.* ¶ 31). The truck involved in the accident was leased by Dakotaland from Defendant Fowlds Brothers Trucking, Inc. ("Fowlds"). (*Id.* ¶¶ 7–8; Doc. 21-1, PAGEID #309, Aff. of Jerald Fowlds, ¶ 5). Parker brought suit against Miller, Dakotaland, and Fowlds to recover for her injuries sustained in the accident.

Fowlds previously moved for summary judgment on all claims against it on grounds that Fowlds was merely the owner of the truck and not Miller's employer. (Doc. 21). Parker countered that Dakotaland (whom the parties agree was Miller's employer at the time of the accident) is so related to Fowlds that they are essentially the same entity, and therefore Miller was also employed by Fowlds and Fowlds also entrusted the truck to Miller.

Both parties structured their arguments as to the relationship between Fowlds and Dakotaland under the framework of the Graves Amendment, 49 U.S.C. § 30106, which limits vicarious liability for owners of vehicles that are involved in accidents caused by the negligence of the lessee of the vehicle. However, in order to avoid liability, the owner of the vehicle must establish the absence of negligence on both its part and on the part of any of its "affiliates." A person qualifies as an affiliate of the owner if that person "directly or indirectly controls, is controlled by, or is under common control with the owner." 49 U.S.C. § 30106(d). The statute further states that "'control' means the power to direct the management and policies of a person whether through ownership of voting securities or otherwise." *Id.* Parker argued, and Fowlds denied, that Dakotaland is an affiliate of Fowlds, and because Dakotaland was negligent in hiring Miller and entrusting him with the truck, Fowlds is not shielded from liability by the Graves Amendment.

In its order denying Fowlds' motion for summary judgment, the Court determined that the Graves Amendment did not apply to Parker's claims, because they were not based on Fowlds' ownership of the truck. Rather, all allegations against Fowlds stem from Parker's position that Miller was actually employed by Fowlds in addition to Dakotaland. (Doc. 38). Additionally, Ohio does not impose the kind of strict, vicarious liability on vehicle lessors that the Graves Amendment was designed to limit. Thus, "it is irrelevant whether Fowlds and Dakotaland qualify as 'affiliates' under the Graves Amendment. What matters is whether Fowlds was Miller's employer under Ohio law." (Doc. 38, Order Denying Summ. J. at 7).

The parties having both mistakenly briefed an inapplicable standard, the Court was left with a decision: (1) deny Fowlds' motion for summary judgment without further analysis, because Fowlds had not carried its burden to show that it was immune from liability as a matter of law; or (2) consider the facts submitted by parties in furtherance of the "affiliate" analysis to determine whether Fowlds might nevertheless be entitled to summary judgment under the correct "alter ego" analysis. In the interest of efficiency and avoiding waste of the parties' efforts, the Court chose the second option.

The Graves Amendment requires that two entities be under "common control" to qualify as affiliates, and the alter ego analysis requires that the two entities are functionally the same. (Doc. 38, Order Denying Summ. J. at 7–8, listing factors considered in the alter ego analysis). Thus, many of the relevant facts will overlap for the two analyses. The Court considered all facts submitted by the parties and determined that a fact issue existed as to whether Fowlds and Dakotaland were alter egos of each other. (*Id.* at 8–9). Therefore, the Court could not grant summary judgment in favor of Fowlds on the record before it.

Fowlds now moves the Court to reconsider its Order denying Fowlds' motion for summary judgment, or, in the alternative, for leave to fully brief Ohio's alter ego standard. (Doc. 39).

## II.      STANDARD FOR RECONSIDERATION

Fowlds asks the Court to exercise its discretion under Federal Rule of Civil Procedure 54(b) to reconsider the Order to the extent it denied summary judgment in favor of Fowlds. Interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Harrington v. Ohio Wesleyan Univ.*, No. 2:05-CV-249, 2008 WL 163614, at *1 (S.D. Ohio Jan. 16, 2008) (Holschuh, J.) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004)). "The Court has 'significant discretion' in considering a motion to reconsider an interlocutory order." *Harrington*, 2008 WL 163614, at *2 (quoting *Rodriguez*, 89 Fed. App'x at 959 n. 7.)

Typically, however, courts will reconsider previous interlocutory orders only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). "Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.*, No. 2:00CV473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (Kemp, M.J.). Motions for reconsideration are not intended to be utilized to re-litigate issues previously considered. *Macdermid Inc. v. Electrochemicals Inc.,* Nos. 96-3995, 96-4072, 142 F.3d 435 (Table), 1998 WL 165137, * 6 n. 7 (6th Cir. 1998).

## III. DISCUSSION

Fowlds' Motion for Reconsideration cites several cases that Fowlds did not previously include in its Motion for Summary Judgment. But Fowlds identifies neither an intervening change of controlling law, nor additional evidence relevant to the alter ego analysis and not previously considered by the Court, nor a need to correct a clear error or prevent a manifest injustice. Rather, Fowlds merely disagrees with the Court's conclusion that "[w]hen construing the facts in the light most favorable to Parker, the Court cannot say as a matter of law that Fowlds and Dakotaland are not alter egos of one another." (Doc. 38, Order Denying Summ. J. at 9).

Having mistakenly chosen to focus on an inapplicable standard on summary judgment, Fowlds has identified no basis for being permitted a second bite at the apple on reconsideration. The Court therefore declines to exercise its discretion to reconsider its previous Order. Nor has Fowlds identified a basis for additional briefing related to the alter ego doctrine at this stage. This Court's Local Rules provide only for memoranda in support of a motion, memoranda in opposition, and reply memoranda in the normal course. S.D. Ohio Civ. R. 7.2(a). Any further memoranda require leave of court based on a showing of good cause. *Id.* The proper forum for Fowlds' alter ego arguments was its briefing during the summary judgment stage. The Court does not find good cause for additional briefing on the record before it.

## IV. CONCLUSION

For the foregoing reasons, Fowlds' Motion for Reconsideration, or in the alternative, Motion for Leave to Fully Brief the Issue of Alter Ego, is **DENIED**. Parker's Motion for an Order Staying Plaintiff's Time to File a Response to Defendant's Motion is **DENIED AS MOOT.**

The Clerk shall remove Documents 39 and 41 from the Court's pending motions list.

**IT IS SO ORDERED.**

      */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**