UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAUNICE J. PARKER,

    Plaintiff,

    v.

ERIC M. MILLER, *et al.*,

    Defendants.

Civil Action 2:16-cv-1143
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Videotaping (ECF No. 50), Defendants' Response (ECF No. 89), and Plaintiff's Reply (ECF No. 90.) For the reasons explained below, Plaintiff's Motion is **GRANTED**.

### I.

This is a personal injury action in which Defendants have arranged for an independent medical examination (the "IME") of Plaintiff. Dr. Donald Mann, a board-certified neurologist and associate clinical professor of neurology at Case Western Reserve University, will conduct the IME on September 7, 2018, in Cleveland Ohio. (ECF No. 87.) In response, Plaintiff moves the Court to allow videotaping of the IME. (ECF No. 50.) Plaintiff asserts that her memory deficits would make it difficult, if not impossible, for her to remember details of any IME, effectively preventing her assisting in prosecution of her case or refuting factual testimony at trial. (*Id*. at 2-3.) In Plaintiff's view, her cognitive deficits compel a finding of good cause to order videotaping of any IME. (*Id*. at 4.) Defendants, however, respond that their offer to allow

Plaintiff's counsel to be present at the IME obviates the need for videotaping absent evidence that the examining physician may engage in improper conduct. (ECF No. 89 at 5.)

## II.

As a preliminary matter, the Court notes that there is a difference between federal and state law on the question presented. This Court, however, is addressing a procedural question under federal law. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.) Accordingly, Ohio law, while informative, is not controlling.

In general, "[u]nless the opposing party demonstrates a special need or good cause, most federal courts have not permitted either a recording or an observer of an examination." *Spencer v. Huron County*, No. 15-cv-12209, 2016 WL 4578102, at *3 (E.D. Mich. Sept. 2, 2016) (citations omitted); *see also Stefan v. Trinity Trucking, LLC*, 275 F.R.D. 248, 250 (N.D. Ohio 2011) ("Federal courts have determined that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it. These circumstances, however, must be balanced against the interests of the parties involved in the litigation."). The party seeking to allow a recording or an observer's presence of an examination bears the burden of demonstrating either a special need or good cause for the request. *Id.*

## III.

In her Reply memorandum, Plaintiff argues that good cause exists in this matter because a state court's order to videotape one of Dr. Mann's previous IMEs raises concerns about potential improper conduct. (ECF No. 90 at 3-4.) She attaches an opinion in which a state court permitted video recording of one of Dr. Mann's examinations. In the Court's view, however, the

2

state court made no such finding. Rather, the state court characterized the use of video as means of protecting "both the physician and the plaintiff from unsubstantiated allegations of impropriety." *Jasenovec v. Marcy*, No. CV-08-651591, 2012 WL 7659165 (Ohio Com. Pl. Cuyahoga Mar. 9, 2012.) The Court finds that there is no evidence even suggesting the possibility of improper conduct by Dr. Mann in the pending or any previous IME.

Plaintiff also argues, more persuasively, that allowing Plaintiff's counsel to attend the IME does not properly remedy the concerns presented in this matter. (ECF No. 90 at 5.) Plaintiff suffers numerous cognitive impairments, including limitations on her ability to understand, remember, and carry out detailed instruction and maintain attention and concentration for extended periods, which Defendants do not dispute. (ECF No. 50 at 3.) Instead, Defendants aver that allowing Plaintiff's attorney to be present during the IME alleviates any risk that Plaintiff would be unable to rebut factual inconsistencies in Dr. Mann's report. (ECF No. 89 at 3.) Defendants' proposed solution, however, would place Plaintiff's counsel in the untenable position of potentially serving as a fact witness, creating an ethical conflict that this Court will not sanction.

Plaintiff's cognitive condition presents the Court with good cause to order videotaping pursuant to Rule 35. *Stefan*, 275 F.R.D. 248 at 250.) Similarly, a detailed balancing of the parties' interests is not necessary here. Defendants' offer to allow Plaintiff's counsel to attend the IME indicates that they do not believe their interests are adversely affected by the presence of a third-party. *Id*. Moreover, discretely videotaping the IME is the least-intrusive and acceptable remedy for Plaintiff's concerns about the effects of her impaired mental capacity without creating an ethical dilemma for her counsel. *Madej v. Maiden,* No. 2:16-cv-658, 2017 WL 3446489, at *5 (S.D. Ohio Aug. 11, 2017.)

## IV.

For the reasons explained above, Plaintiff's Motion to Compel Videotaping is **GRANTED**. (ECF No. 50.) Plaintiff's videographer shall remain in the room during the IME only to the extent necessary, a determination left to the videographer's discretion.

**IT IS SO ORERED.**


Date: August 27, 2018                    /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE